MATTHEW D. MURPHEY (SBN: 194111)
mmurphey@gordonrees.com
MARC A. HOLMQUIST (SBN: 258406)
mholmquist@gordonrees.com
GORDON & REES LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA 92660
Telephone: (949) 255-6950
Facsimile: (949) 474-2060

KIMBERLY D. HOWATT (SBN: 196921)
khowatt@gordonrees.com
GORDON & REES LLP
101 West Broadway
16th Floor
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Plaintiffs
ALAN HAMMOND, CARL YATES, AND CHRIS BRIGHT

FILED
2009 SEP 21 AM 11:18
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN HAMMOND, an individual, CARL YATES, an individual, and CHRIS BRIGHT, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>MONARCH INVESTORS, LLC, a Georgia Limited Liability Company; DOMINANT DNA, LLC (formerly Mothwing, LLC), a Georgia Limited Liability Company; R. STEPHEN FOX, an individual; MICHAEL J. HINE, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 09CV2055 W  CAB<br><br>COMPLAINT FOR:<br><br>1. BREACH OF CONTRACT;<br>2. BREACH OF CONTRACT;<br>3. FRAUD;<br>4. UNJUST ENRICHMENT<br><br>DEMAND FOR JURY TRIAL |

**ORIGINAL**

-1-
COMPLAINT

Plaintiffs ALAN HAMMOND, CARL YATES, and CHRIS BRIGHT, ("Plaintiffs") hereby file this Complaint with Jury Demand against defendants MONARCH INVESTORS, LLC ("Monarch"), DOMINANT DNA, LLC (formerly Mothwing, LLC) ("Dominant DNA"), R. STEPHEN FOX ("Fox"), MICHAEL J. HINE ("Hine"), and DOES 1 through 10, inclusive (referred to collectively as "Defendants"), and allege as follows:

## THE PARTIES

1. Plaintiff ALAN HAMMOND is an individual and is a citizen of the State of California, County of San Diego.

2. Plaintiff CARL YATES is an individual and is a citizen of the State of Virginia, County of Prince William.

3. Plaintiff CHRIS BRIGHT is an individual and is a citizen of the State of Tennessee, County of Sullivan.

4. At all times relevant to this Complaint, Defendant Monarch is and was a Georgia limited liability company, with its principal place of business in Calhoun, Georgia. On information and belief, Monarch is the parent company of Defendant subsidiary company Dominant DNA.

5. Defendant Dominant DNA is a Georgia limited liability company, with its principal place of business in Calhoun, Georgia. Dominant DNA was formerly known as Mothwing, LLC, which was a Georgia limited liability company.

6. At all times relevant to this Complaint, Defendant Fox is and was a citizen of the State of Georgia. On information and belief, Fox is and was a high-ranking executive with Monarch and/or Dominant DNA, and/or their affiliated companies, and was authorized to act on their behalf.

7. At all times relevant to this Complaint, Defendant Hine is and was a citizen of the State of Indiana. On information and belief, Hine is and was a high-ranking executive with Monarch and/or Dominant DNA, and/or their affiliated companies, and was authorized to act on their behalf.

8. The true names and capacities, whether individual or otherwise, of defendants

DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. On information and belief, each of the DOE defendants is responsible in some manner for the events and happenings alleged below, and that each individually or as a group caused injuries and damages proximately thereby as hereinafter alleged.

9. On information and belief, at all times herein mentioned, each of the Defendants was the agent, servant, and employee of each of the remaining Defendants and was at all times acting within the purpose and scope of said agency and employment, with the knowledge and consent or ratification of each of the other Defendants in doing the things herein alleged.

10. On information and belief, Fox and Hine are alter egos of Defendants Monarch and Dominant DNA, and these Defendants are alter egos of Fox and Hine, and of each other, in that the Defendants, now and at all relevant times, have commingled assets, have failed to maintain an arm's length relationship with each other, have completely dominated and controlled each other's assets, operations, activities, policies, programs, procedures, strategies, and tactics, and have used the assets, facilities, and employees of each other Defendant to promote their respective personal or business affairs and purposes, as if those assets, facilities, and employees were their own, to such an extent that any adherence to the fiction of the separate existence of these Defendants would permit the abuse of a corporate or similar privilege of limited liability, if any, and would promote injustice by allowing certain Defendants to evade liability that should in equity be used to satisfy the judgment sought by Plaintiffs.

11. On information and belief, Fox and Hine have acted for their individual and personal interests outside the course and scope of their employment with the entity Defendants and/or their affiliated companies. On information and belief, each of the Defendants is in some other manner responsible for the events and happenings to which reference is made here, and each Defendant caused injury and damage to Plaintiffs as alleged herein. On information and belief, Defendants are jointly and severally liable for the claims asserted herein, and each bears some responsibility for the contentions asserted herein.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction over this action because the action is

between citizens of different states and the amount in controversy exceeds the federal minimum threshold of $75,000 exclusive of interest and costs pursuant to 28 U.S.C. Section 1332.

13. A substantial part of the occurrences, transactions, acts, and omissions giving rise to Plaintiffs' claims have occurred, and continue to occur, in San Diego County, California, including that one or more of the written contracts at issue were executed in the San Diego County, California and at least one of the loan payments at issue was to be repaid in San Diego County, California. Venue in this Court is therefore proper pursuant to 28 U.S.C. § 1391(a).

## GENERAL ALLEGATIONS

14. In or around June and July of 2007, Plaintiffs entered into three separate written loan agreements with Mothwing Camo Technologies, Inc. ("Mothwing Camo"). Under these written loan agreements, Plaintiff CARL YATES loaned Mothwing Camo fifty thousand dollars ($50,000), Plaintiff CHRIS BRIGHT loaned Mothwing Camo forty-five thousand dollars ($45,000), and Plaintiff ALAN HAMMOND loaned Mothwing Camo thirty thousand dollars ($30,000). The loans were to bear interest at the rate of 10 percent per annum, and such principal and interest was to be due and payable in full on dates certain thereafter. Plaintiffs were each shareholders of Mothwing Camo.

15. Each written loan agreement is evidenced by promissory notes and security agreements whereby the respective Plaintiffs each were granted a security interest in certain of Mothwing Camo's inventory of clothing, the accounts receivable to be generated therefrom, and all cash and non-cash proceeds and products thereof.

16. On information and belief, Defendant Monarch is and at all relevant times was the sole shareholder of Mothgroup, Inc. ("Mothgroup") and controlled the operations thereof. On information and belief, Monarch, acting through Mothgroup, reached an agreement with Mothwing Camo whereby Monarch would cause Mothgroup to loan funds to Mothwing Camo in order to keep Mothwing Camo financially viable until the purchase of Mothwing Camo's assets by Monarch could be completed. On information and belief, after the loan to Mothwing Camo, Monarch was to cause Mothgroup to hold a public sale under Article 9 of the Uniform Commercial Code and liquidate Mothwing Camo's assets.

-4-
**COMPLAINT**

17. On information and belief, Monarch agreed that if Mothgroup was the successful buyer of Mothwing Camo's assets at the public sale, Monarch would assume the debts of Mothwing Camo's creditors and assume payments to its creditors, and would also compensate the shareholders of Mothwing Camo for their respective shares. On information and belief, this agreement was approved by the Mothwing Camo Board of Directors.

18. On information and belief, Defendants Fox and Hine were among those individuals present at the negotiations, and Fox and Hine made explicit statements and representations to the effect that the agreement was to include the assumption by Monarch of Mothwing Camo's debts, including those incurred pursuant to the written loan agreements with Plaintiffs. On information and belief, Fox and Hine also made statements and representations to the effect that Monarch was to purchase shares of Mothwing Camo from its shareholders.

19. On information and belief, following approval of the agreement by Mothwing Camo's Board of Directors, Monarch caused Mothgroup to loan funds to Mothwing Camo, and Mothgroup then proceeded with the public sale of Mothwing Camo's assets, and was the successful buyer of said assets.

20. On information and belief, Monarch, acting through Mothgroup, then conveyed the assets it purchased at the public sale to Mothwing, LLC (now Defendant Dominant DNA), which became the operating company of the assets formerly owned by Mothwing Camo.

21. On information and belief, upon the successful purchase of Mothwing Camo's assets by Mothgroup at the public sale, Monarch assumed liability for Mothwing Camo's debts, and was obligated to compensate Mothwing Camo's shareholders for their stock in the company.

22. On information and belief, prior to and during the negotiations, pursuant to Mothwing Camo's disclosures and Defendants' due diligence, Defendants were aware of the written loan agreements between Mothwing Camo and the Plaintiffs, and of Plaintiffs' status as both creditors and shareholders of Mothwing Camo.

23. Defendant Monarch has breached the written loan agreements with Plaintiffs, the liability for which Monarch assumed pursuant to the agreement for the sale of Mothwing Camo's assets. Defendant Monarch has also breached the subsequent agreement with Mothwing Camo

by failing to pay Mothwing Camo's creditors, including Plaintiffs, and by failing to compensate Plaintiffs for their respective shares of Mothwing Camo stock.

24. Defendants have each acted intentionally and fraudulently by making misrepresentations and concealing material facts, and have induced Mothwing Camo to enter the agreement for the sale of its assets to its detriment and to the detriment of Plaintiffs.

## FIRST CLAIM FOR RELIEF

**(Breach of Written Contract as Against Defendant Monarch)**

25. Plaintiffs reallege and incorporate by this reference, as though fully set forth at length herein, each and every allegation contained in the foregoing paragraphs of this Complaint.

26. As evidenced by the above-referenced written loan agreements and security agreements, written contracts existed between Mothwing Camo and each of the Plaintiffs whereby Plaintiffs loaned the sums of money set forth above to Mothwing Camo.

27. On information and belief, pursuant to an agreement with Mothwing Camo, Defendant Monarch caused Mothgroup to purchase the assets of Mothwing Camo, and Monarch agreed to assume the debts of Mothwing Camo owed to Plaintiffs pursuant to the written promissory notes and security agreements.

28. Plaintiffs have performed all the conditions, covenants, and obligations on their part to be performed under each written loan agreement. Defendant Monarch has breached these written contracts by failing to repay the principal and interest due to Plaintiffs thereunder.

29. As a direct and proximate result of Monarch's breach of the written loan agreements, Plaintiffs have been damaged in an amount according to proof at trial. Plaintiffs are also entitled to recover reasonable attorneys' fees and costs pursuant to the terms of the terms of the promissory notes evidencing each of the written loan agreements, as well as pursuant to Civil Code sections 1717 and 1811.1.

## SECOND CLAIM FOR RELIEF

**(Breach of Contract as Against Defendant Monarch)**

30. Plaintiffs reallege and incorporate by this reference, as though fully set forth at length herein, each and every allegation contained in the foregoing paragraphs of this Complaint.

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA 92660

31. On information and belief, a contract was created between Mothwing Camo and Defendant Monarch whereby Monarch, acting through Mothgroup, acquired Mothwing Camo's assets in a public sale, and Monarch assumed Mothwing Camo's debts, thereby assuming payments pursuant to the written loan agreements between Mothwing Camo and Plaintiffs. On information and belief, Monarch also agreed to compensate Plaintiffs for their respective shares of stock in Mothwing Camo.

32. On information and belief, Mothwing Camo performed all the conditions, covenants, and obligations on its part to be performed under the contract. Monarch has breached the contract by failing to pay the amounts owed to Plaintiffs under the written loan agreements, and by failing to compensate Plaintiffs for their respective shares of Mothwing Camo stock.

33. On information and belief, the terms above were material conditions and inducements for Mothwing Camo to enter into the contract and agree to the sale of its assets. On information and belief, Plaintiffs were intended third-party beneficiaries of the contract whereby Monarch was to assume the debts owed to Plaintiffs, and whereby Plaintiffs were to receive payment for their respective shares of Mothwing Camo stock. Plaintiffs assented to and have detrimentally relied on the contract, and have suffered harm resulting from Monarch's failure to perform its obligations under the contract.

34. As a direct and proximate result of Monarch's breach of the express and implied terms of the contract, Plaintiffs have been damaged in amounts to be proved at trial.

### THIRD CLAIM FOR RELIEF

**(Fraud as Against All Defendants)**

35. Plaintiffs reallege and incorporate by this reference, as though fully set forth at length herein, each and every allegation contained in the foregoing paragraphs of this Complaint.

36. On information and belief, Defendants fraudulently, intentionally, and unlawfully represented to Mothwing Camo that Monarch would assume Mothwing Camo's debts owed to Plaintiffs under the written loan agreements, and that Monarch would pay Plaintiffs for their shares of Mothwing Camo stock. Based on these misrepresentations, Mothwing Camo was induced to enter into the contract for the sale of its assets.

37. On information and belief, such representations by Defendants were false, and at the time Defendants made them, they knew that they were false, in that they knew Monarch had no intention to fulfill its promises under the agreement. On information and belief, Defendants intended to defraud and deceive Mothwing Camo to its detriment and the detriment of Plaintiffs.

38. Mothwing Camo's reliance on Defendants' misrepresentations was justifiable and reasonable because the terms of the contract were fair and reasonable and the representations provided fair consideration. On information and belief, Mothwing Camo's Board of Directors would not have ratified the agreement if it knew that Monarch had no intention to fulfill its promises thereunder.

39. As a proximate result of Defendants' conduct, Plaintiffs have suffered damages in amounts to be proven at trial.

40. Defendants' actions were done with such fraud, malice, and oppression that Plaintiffs are entitled to an award of punitive damages in an amount according to proof at trial for sake of example, by way of punishment, and to deter such conduct in the future.

## FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment as Against All Defendants)

41. Plaintiffs reallege and incorporate by this reference, as though fully set forth at length herein, each and every allegation contained in the foregoing paragraphs of this Complaint.

42. On information and belief, Defendants have received, accepted, and derived the benefits of the contract made with Mothwing Camo, but have failed to honor their obligations under the agreement. It would be unjust and unfair for Defendants, on account of their intentional and fraudulent conduct, to be unjustly enriched at the Plaintiffs' expense.

43. Defendants have been unjustly enriched at the expense of Plaintiffs in a sum to be proven at trial, but not less than the sum equal to the outstanding monies due under the written loan agreements, including principal and interest, and the monies due Plaintiff as compensation for their shares of Mothwing Camo stock as agreed by Defendants in the contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as

follows:

1. For actual, general, compensatory and incidental damages to be determined according to proof at the time of trial;

2. For prejudgment interest based on the legal rate;

3. For costs of suit incurred herein;

4. For attorneys' fees based on the written loan agreements and promissory notes, and based on Civil Code sections 1717 and 1811.1;

5. For punitive damages according to proof.

6. For such other and further relief as the Court may deem just and proper.

DATED: September 21, 2009         GORDON & REES LLP

By: *(signature)*
MATTHEW D. MURPHEY
KIMBERLY D. HOWATT
MARC A. HOLMQUIST
Attorneys for Plaintiffs,
ALAN HAMMOND, CARL YATES,
and CHRIS BRIGHT

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues as to which a jury is available, as provided by Rule 38 the Federal Rules of Civil Procedure.

DATED: September 21, 2009         GORDON & REES LLP

By: *(signature)*
MATTHEW D. MURPHEY
KIMBERLY D. HOWATT
MARC A. HOLMQUIST
Attorneys for Plaintiffs,
ALAN HAMMOND, CARL YATES,
and CHRIS BRIGHT

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ALAN HAMMOND, an individual, CARL YATES, an individual, and CHRIS BRIGHT, an individual | MONARCH INVESTORS, LLC, a Georgia Limited Liability Company; DOMINANT DNA, LLC (formerly Mothwing, LLC), a Georgia Limited Liability Company; R. STEPHEN FOX, an individual; MICHAEL J. HINE, an individual, and DOES 1 through 10, inclusive, |
| (b) County of Residence of First Listed Plaintiff San Diego County (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) Matthew D. Murphey, SBN 194111; Marc A. Holmquist, SBN 258406 Gordon & Rees LLP, 4675 MacArthur Court, Suite 800 Newport Beach, CA 92660 (949) 255-6950 | Attorneys (If Known) '09 CV 2055 W CAB |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / [ ] 345 Marine Product Liability | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 370 Other Fraud | | | [ ] 810 Selective Service |
| [x] 190 Other Contract | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | **PRISONER PETITIONS** | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | **Habeas Corpus:** | [ ] 740 Railway Labor Act | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 540 Mandamus & Other | **FEDERAL TAX SUITS** | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | [ ] 555 Prison Condition | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | | **IMMIGRATION** | | |
| | | [ ] 462 Naturalization Application | | |
| | | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332

Brief description of cause:
Breach of Contract and Fraud Claims - Diversity of Citizenship

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: September 21, 2009

SIGNATURE OF ATTORNEY OF RECORD

**ORIGINAL**

FOR OFFICE USE ONLY

RECEIPT # 5409  AMOUNT 350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS005409
Cashier ID: sramirez
Transaction Date: 09/21/2009
Payer Name: SD LEGAL SUPPORT
------------------------------------
CIVIL FILING FEE
 For: HAMMOND V. MONARCH
 Case/Party: D-CAS-3-09-CV-002055-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 82462
 Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```