UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN HAMMOND, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br><br>MONARCH INVESTORS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 09-CV-2055W (WVG)<br><br>**ORDER DENYING IN-PART AND GRANTING IN-PART MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [DOC. 13]** |

　　　　On September 21, 2009, Plaintiffs Alan Hammond, Carl Yates and Chris Bright commenced this action for breach of contract, fraud and unjust enrichment against Defendants Monarch Investors, LLC ("Monarch"), Dominant DNA, LLC ("DNA"), Michael J. Hines and R. Stephen Fox. On February 8, 2010, Defendants filed a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Doc. 13.)

　　　　The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1(d.1). For the reasons outlined below, the Court **DENIES IN-PART** and **GRANTS IN-PART** the motion. (Doc. 13.)

## I. BACKGROUND

The facts as alleged in Plaintiffs' complaint and opposition are as follows:

In April of 2007, Mothwing Camo Technologies ("Mothwing") began soliciting Plaintiffs to invest in the company. (*Hammond Decl.* [Doc. 16], ¶ 4, Ex. D.) In June and July of 2007, Plaintiffs entered into three separate loan agreements with Mothwing, one of which was negotiated, signed and to be repaid in California. (*Compl.* [Doc. 1[1]], 4:9; *see also Hammond Decl.*, ¶ 3, Ex. C.)

After obtaining the loans, Mothwing began negotiating an asset purchase agreement with Defendant Monarch. (*Opp.* [Doc. 15], 3:1.) Defendant Hine, as President of both Monarch and Defendant DNA, and Defendant Fox, as a managing member of Monarch, were among the individuals representing Monarch during its negotiations with Mothwing. (*Id.* at 2:8.) During these negotiations, Hine and Fox made explicit statements and representations to the effect that Monarch would assume all of Mothwing's liabilities, including the loan agreements with Plaintiffs. (*Compl.* at 5:6.)

In 2008, the parties reached an agreement whereby Monarch—through a wholly owned subsidiary—would financially support Mothwing until Monarch could complete the purchase of Mothwing's assets. (*Opp.* at 3:1; *see also Compl.* at 5:16.) As part of the asset purchase agreement, Monarch agreed to assume Mothwing's debts and repay its creditors. (*Compl.* at 5:1)

On September 21, 2009, Plaintiffs filed a lawsuit claiming that Monarch and DNA failed to cover the liabilities they assumed pursuant to the Mothwing purchase agreement and, therefore, are in breach of both the asset purchase agreement and the loan contracts. Furthermore, Plaintiffs allege that Hine and Fox intentionally and fraudulently misrepresented and concealed material facts in order to induce Mothwing to enter into the purchase agreement. On February 8, 2010, Defendants moved to dismiss the lawsuit for lack of personal jurisdiction.

---

[1] All docket references are to Case No. 09-CV-2055W (WVG)

## II. LEGAL STANDARD

Where a defendant moves to dismiss for lack of personal jurisdiction, it "is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." Doe v. Unocal, 248 F.3d 915, 922 (9th Cir. 2001) (citing Cubbage v. Merchent, 744 F.2d 665, 667 (9th Cir. 1984), cert. denied 470 U.S. 1005 (1985)). The plaintiff needs to make a prima facie showing of jurisdictional facts to withstand a motion to dismiss. Id. That is, the plaintiff need only demonstrate facts that if true, would support jurisdiction over the defendant. Id. Although the plaintiff cannot "simply rest on the bare allegations of the complaint," uncontroverted allegations contained in the complaint must be taken as true. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Furthermore, conflicts between the parties contained in affidavits must be resolved in the plaintiff's favor. Id.

A district court has personal jurisdiction over a defendant only if a statute authorizes jurisdiction and the assertion of jurisdiction does not offend due process. Unocal, 248 F.3d at 922. "Where . . . there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." Yahoo! Inc., v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006); see also Fed.R.Civ.P. 4(k)(1)(a). Because California's long-arm jurisdictional statute is coextensive with federal due-process requirements, the jurisdictional analyses under state and federal law are the same. Yahoo!, Inc., 433 F.3d at 1205; see Cal. Civ. Proc. Code § 410.10.

Absent traditional bases for personal jurisdiction (i.e. physical presence, domicile, and consent), the Due Process Clause requires that a nonresident defendant have certain minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be "present" in that forum for all purposes, a forum may exercise only

"specific" jurisdiction–that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim. See Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408 (1984).

Specific jurisdiction exists where: (1) the defendant purposefully availed himself of the privilege of conducting activities in the forum; (2) the claim arises out of the defendant's forum related activities; and (3) the exercise of jurisdiction comport with fair play and substantial justice, i.e., it is reasonable. See Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citing Cybershell, Inc. v. Cybershell, Inc., 130 F.3d 414, 417 (9th Cir. 1997)). Plaintiff bears the burden of satisfying the first two prongs of the test. Schwarzenegger, 374 F.3d at 802. If plaintiff succeeds in satisfying both prongs, the burden shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would not be reasonable. Id.

## III. DISCUSSION

Plaintiffs argue that this Court has specific jurisdiction over Monarch because their claims are directly related to Monarch's assumption of Mothwing's three loan contracts with Plaintiffs. Additionally, Plaintiffs allege that under the Ninth Circuit's effects test, specific jurisdiction for Hine and Fox results from the making of tortious statements directed at California residents. Finally, Plaintiffs claim that the above contacts are imputable to DNA under the alter-ego theory. The Court evaluates each argument individually.

### A. Specific Jurisdiction Over Monarch

In Yahoo!, Inc., the Ninth Circuit found that a single contact can support specific jurisdiction if "the cause of action ... arise[s] out of that particular purposeful contact of the defendant with the forum state." Yahoo!, Inc., 433 F.3d at 1210 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir.1987)); see also Int'l Shoe Co., 326 U.S. at 318 ("some single or occasional acts of the corporate agent in a state . . . because of their

1  nature and quality and the circumstances of their commission, may be deemed sufficient
2  to render the corporation liable to suit").

3       Here, Defendants do not dispute that by entering into loan agreements in
4  California, Mothwing is subject to this Court's jurisdiction. The issue is whether
5  Mothwing's contacts can be imputed to Monarch. Plaintiffs argue that such contacts
6  are imputable under a theory of successor liability. The Court agrees.

7       A corporation's contacts with a state may be imputed to its successor if the laws
8  of that state would hold the successor liable for the actions of its predecessor. <u>Williams
9  v. Bowman Livestock Equip. Co.</u>, 927 F.2d 1128, 1132 (10th Cir.1991); see also <u>LiButti
10 v. U.S.</u>, 178 F.3d 114, 124 (2d Cir. 1999) (State's successor liability laws establish
11 personal jurisdiction). Thus, the imputability of Mothwing's contacts to Monarch rests
12 on California's successor liability laws.

13      In California, a purchaser's assumption of a seller's liabilities results in successor
14 liability if "there is an express or implied agreement of assumption. . ." <u>Ray v. Alad
15 Corp.</u>, 19 Cal.3d 22, 28 (1977); <u>see also</u> <u>CenterPoint Energy, Inc. v. Sup. Ct.</u>, 157
16 Cal.App.4th 1101, 1120 (2007) (California courts have personal jurisdiction over
17 successor if successor effectively assumed the liabilities of the predecessor.)

18      Here, Plaintiffs allege that Monarch expressly agreed to assume Mothwing's debts.
19 Defendants dispute this contention, but rather than provide supporting evidence,
20 Monarch simply points to Plaintiffs' fraud claim as supposed proof that Monarch did not
21 assume Mothwing's debts:

22     . . .since Plaintiffs are suing Monarch for fraud based on Manarch's
       allegedly false promise that it would assume the debts of [Mothwing]. . .,
23     Plaintiffs' fraud claim is necessarily premised on the very notion that
24     Monarch did <u>not</u> expressly assume the debts of [Mothwing].
25 (<i>Reply</i> [Doc. 18], 5:3–6.) This argument is not persuasive for two reasons.

26      First, this argument ignores Plaintiffs' right to plead in the alternative. Federal
27 Rule of Civil Procedure 8(d) specifically allows a plaintiff to "state as many separate
28 claims . . . as it has, regardless of consistency." See also <u>Henry v. Daytop Village, Inc.</u>,

42 F.3d 89, 95 (2nd Cir. 1985) (explaining that where plaintiff pleads inconsistent claims, neither claim may be construed as an admission that bars the other claim.). And here, Plaintiffs have also pled breach of contract claims against Monarch that are premised on the allegation that Monarch assumed Mothwing's debts.

Second, Defendants failed to submit any evidence–either in the form of a declaration or other document–demonstrating that Monarch did not assume Mothwing's debts. The Court must, therefore, accept as true Plaintiffs' allegation to the contrary. Accordingly, under California's successor liability law, Mothwing's California contacts are imputed to Monarch, and personal jurisdiction exists over Monarch.

**B.      No Personal Jurisdiction Exists Over Hine and Fox**

Plaintiffs next argue that under the Ninth Circuit's effects test, specific jurisdiction exists over Hine and Fox because they made tortious statements directed at California residents. For the following reasons, the Court disagrees.

To satisfy the effects test, the defendant must have: (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forums state." Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1321 (9th Cir. 1998). A showing that a defendant purposefully directed his conduct toward a forum state usually consists of evidence that the defendant's actions outside the forum state are directed at the forum. "The Supreme Court has held that due process permits the exercise of personal jurisdiction over a defendant who purposefully directs his activities at residents of a forum, even in the absence of physical contacts with the forum." Schwarzenegger, 374 F.3d at 803 (citing Burger King, 471 U.S. at 476).

In the present case, Plaintiffs fail to explain how the alleged statements were purposely directed at the forum, nor do they state that the brunt of the harm was suffered in California. Plaintiffs accuse Hine and Fox of making "explicit statements and representations" while participating in negotiations between Mothwing and Monarch.

1  (*Compl.* at 5:6.) Plaintiffs point to the fact that Mothwing's board relied on these
2  statements when approving the sale. However, these negotiations took place outside
3  of California, and neither of the corporations were California residents. (*MTD*, 1:10;
4  *Hine Decl.* [Doc. 13-2], 1:14.) Thus, although Plaintiffs may have suffered indirect harm
5  as a result of statements made by Hine and Fox, their statements were purposely
6  directed at Mothwing—a Tennessee corporation. Plaintiffs have not successfully
7  asserted grounds for either general or specific jurisdiction over Defendants Hine and
8  Fox. Accordingly, personal jurisdiction does not exist over Hine and Fox.

10  **C.    No Personal Jurisdiction Exists Over DNA**
11  Plaintiffs argue that Monarch's contacts can be imputed to DNA under an alter-
12  ego theory. The Court disagrees.
13  In Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 (1984), the Supreme
14  Court held that jurisdiction over a parent corporation does not automatically establish
15  jurisdiction over a wholly owned subsidiary. However, an alter-ego exception exists for
16  finding personal jurisdiction over a subsidiary when Plaintiffs make a prima facie case
17  "'(1) that there is such unity of interest and ownership that the separate personalities
18  . . . no longer exist and (2) that failure to disregard [their separate identities] would
19  result in fraud or injustice.'" AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 591
20  (9th Cir. 1996) (quoting Sheard v. Superior Court, 40 Cal. App. 3d 207 (Cal. App. 1st
21  Dist. 1974)).
22  In the present case, Plaintiffs allege that DNA is an alter-ego of Monarch because
23  "they have not observed the requisite corporate separateness, and that failure to
24  disregard the separate corporate entities will result in injustice." (*Opp.*, 19:15.) The
25  Court finds these conclusory statements insufficient to establish alter-ego liability.
26  Instead, Plaintiffs must point to specific facts demonstrating that Defendants failed to

observe the corporate separateness. Having failed to do so, personal jurisdiction does not exist over DNA.[2]

### VI. CONCLUSION

In light of the foregoing, the Court **DENIES** the motion to dismiss for lack of personal jurisdiction with respect to Monarch, but **GRANTS** the motion with respect to Defendants Hine, Fox and DNA.

**IT IS SO ORDERED.**

DATED: July 2, 2010

_____
Hon. Thomas J. Whelan
United States District Judge

---

[2] Plaintiffs also argued that general jurisdiction exists over DNA. However, the Court concludes that DNA's contacts with the state are not "substantial, continuous, and systematic" enough to be deemed present in the forum for all purposes.